UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHARLES SUSSMAN,

    Plaintiff,

v.                                               Case No.: 2:23-cv-567-SPC-NPM

KATHRYN D. WESTON, ASHLEY
MOODY, SHEVAUN HARRIS and
WELLPATH RECOVERY
SOLUTIONS, LLC,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff David Charles Sussman's Complaint for a Declaratory Judgment and 42 U.S.C. § 1983 Civil Rights Complaint (Doc. 1). Sussman is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC). United States Magistrate Judge Nicholas Mizell granted Sussman leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

    42 U.S.C. § 1983 authorizes civil-rights actions against state officials. To state a claim for relief under § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and

second, allege that the deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

According to the Complaint, Sussman's involuntary commitment stems from his conviction for having sex with a 15-year-old girl. The State of Georgia had issued Sussman and the 15-year-old victim a marriage certificate, and Sussman raised spousal immunity at his commitment hearing. Florida Circuit Judge Katheryn Weston found the marriage invalid. Attorney General Ashley Moody has since relied on Judge Weston's ruling in subsequent litigation. Sussman asks this Court to enter judgment declaring his marriage to the victim valid under Florida and Georgia law.

Sussman also seeks injunctive relief against Secretary Shevaun Harris of the Department of Children and Families (DCF) and Wellpath Recovery Solutions. Wellpath operates the FCCC under contract with DCF. To advance in his treatment plan at FCCC, Sussman must acknowledge that his marriage to the victim was never valid. Sussman has refused, and he asks the Court to enjoin Harris and Wellpath from requiring Sussman to repudiate the marriage as part of his treatment.

Sussman's Complaint fails to state a claim for several reasons. First, Judge Weston's determination that Sussman's marriage was invalid does not violate any federal right. It is purely a matter of state law, and federal courts

"must defer to the state's construction of its own law." *Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)). What is more, Sussman acknowledges that the minimum age for marriage in Georgia was 16. Sussman seems to argue it was inappropriate for Weston to address the validity of his marriage at the commitment, but that argument is frivolous because Sussman made the validity of the marriage an issue by raising it as a defense.

Sussman's claims against Weston and Moody also fail because both are immune from suit. "A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). Executive branch officials are also "entitled to absolute immunity for certain functions intimately associated with the judicial process." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citing *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)). Those functions include "acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of h[er] role as an advocate for the State." *Id.* (quotation marks and citation omitted). Sussman's claims against Weston and Moody stem from their respective roles as judge and advocate. Thus, Sussman cannot sue them under § 1983.

Sussman's claim against Harris and Wellpath also fails. The claim is premised on the assertion that Weston's ruling about the validity of Sussman's

3

marriage was somehow wrong. But Sussman has no right to a determination from this court regarding the validity of his marriage to the victim, and Weston's decision that the marriage was invalid under state law is presumed correct. *See*, *Pinkney, supra.* It follows that Sussman is not entitled to an order enjoining FCCC administrators from incorporating the legal invalidity of the marriage into Sussman's treatment plan. After all, the Court must give deference to the FCCC administrators when it comes to treatment decisions. *See Pesci v. Budz*, 935 F.3d 1159 (11th Cir. 2019).

The Court will thus dismiss Sussman's complaint for failure to state a claim. The Court would normally grant leave to file an amended complaint, but that would be futile here. This Court cannot grant Sussman the relief he requests.

Accordingly, it is now **ORDERED:**

Plaintiff David Charles Sussman's Complaint for a Declaratory Judgment and 42 U.S.C. § 1983 Civil Rights Complaint (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 17, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record