UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID CHARLES SUSSMAN,

      Plaintiff,

v.                                                    Case No.:  2:23-cv-567-SPC-NPM

KATHRYN D. WESTON, ASHLEY
MOODY, SHEVAUN HARRIS and
WELLPATH RECOVERY
SOLUTIONS, LLC,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff David Charles Sussman's Rule 52(b) and 59(e) Motion to Amend Findings and Order; and Motion for Extension of Time to File Amended Complaint (Doc. 9).  Sussman is involuntarily committed to the Florida Civil Commitment Center because a state court deemed him a sexually violent predator after his release from prison.

The first part of Sussman's motion asks the Court to reconsider its order dismissing Sussman's civil-rights claims against Judge Kathryn Weston and Attorney General Ashley Moody for their roles Sussman's state commitment proceedings and related litigation.  Reconsideration of a prior order is an extraordinary measure that should be applied sparingly.  *Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020).  Court orders are not intended as first

drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995).

The Court dismissed Sussman's claims against Weston and Moody because they are immune from suit for acts associated with the judicial process. (Doc. 7). Sussman argues they are immune from suit only in their personal capacities, so he can sue them in their official capacities. Not so. Suing an official in her official capacity is a way to sue the entity the official represents. Sussman's claims against Weston and Moody in their official capacities are essentially claims against the State of Florida. "The Eleventh Amendment prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments, whether the relief sought is legal or equitable." *Higdon v. Tusan*, 746 F. App'x 805, 809-10 (11th Cir. 2018). No matter how Sussman frames his claims against Weston and Moody, they are barred.

In the second part of Sussman's motion, he argues he could salvage Count 2 of his complaint with an amendment. While amendment appears futile for the reasons explained in the Court's prior order, Federal Rule of Civil

Procedure 15(a) provides that leave to amend should be freely given.  The Court

will thus give Sussman another chance to plead Count 2.

Accordingly, it is now

**ORDERED:**

Plaintiff David Charles Sussman's Rule 52(b) and 59(e) Motion to Amend

Findings and Order; and Motion for Extension of Time to File Amended

Complaint (Doc. 9) is **GRANTED in part and DENIED in part**.  The Court

**VACATES** the Opinion and Order dated August 17, 2023 (Doc. 7) and **SETS**

**ASIDE** the Judgment (Doc. 8).  The Clerk is **DIRECTED** to reopen this case.

While Sussman's claims against Weston and Moody remain barred, he may file

an amended complaint to plead Count 2 within **21 days** of this Order.

**Otherwise, the Court will enter judgment and close this case without**

**further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3